**KOTES v STATE ex KAPLAN**

Ohio Appeals, 8th Dist, Cuyahoga Co
No 11699. Decided Mar 30, 1931

FARR, J, (7th Dist) sitting in place of
VICKERY, J.

Frank G. Carpenter, Cleveland, for Kotes.
Kruger & Pelton, Cleveland, for Kaplan.

FARR, J.

It becomes apparent that the vital question here is whether or not the ordinance itself is valid. The powers of a municipality are defined by the Ohio Constitution, Art 18, Sec 3, as follows:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

The Legislative authority therefore of a municipality is somewhat restricted, there being no general power to legislate. Consequently if there be power inherent in the municipality to legislate along the line of building restrictions it must be under the authority of what is known as the police power. There can be no dispute but that under §3636 GC, a Municipality has power to regulate and control the method of construction of buildings and their use or intended use as indicated in State v Rendige, 98 Oh St 251; Ley v Kesch, 23 Oh Dec 321. In fact this principle has practically universal judicial sanction in this jurisdiction. Scarcely could the erection of a retail store building be subservient of public safety, health or morals and these are the matters which come within the control of a municipality by reason of its police power.

It must be conceded that the ordinance in question is not a zoning ordinance, such ordinances being provided for in §4366-1 GC, and certain subsequent sections and for a clear exposition of this subject see **City of Youngstown v Kohn Brothers Building Co. 112 Oh St 654.**

A serious objection urged to the ordinance in question is that it seeks to clothe the Commissioner of Buildings a ministerial officer, with a judicial function, in that it empowers him to interpret building restrictions even of a private character and apply same in the building activities of the municipality, by determining what covenants are restrictions and what are not.

**Art. 4, Sec. 1** of the **Ohio Constitution** provides that:

"The judicial power of the state is vested in the Supreme Court, Courts of Appeals, Courts of Common Pleas, Courts of Probate and such other courts inferior to the Courts of Appeals as may from time to time be established by law."

There can be no question that a municipality has no authority to create municipal courts; that power being vested in the legislature alone. **State v Hutsinpiller, 112 Oh St 468.**

While it is true that by §4548 GC, the mayor of a village is invested with certain limited judicial power, yet no other officer of a village is clothed with such authority. Therefore it becomes clear that in the passage of the ordinance in question the municipality exceeded its legislative authority in that it permits the Building Commissioner to enforce restrictions private in character and between individuals and which do not have any bearing upon the health, morals and safety of the people. While it is true that the legislative body of a municipality may enact ordinances regulating different matters within its limitations, yet none of these matters are included in the subject now under discussion.

Another objection to the ordinance is that it probably in a way at least, seeks to delegate legislative power and which is contrary to law.

The proprietor of any allotment might at any time after passage of the ordinance file with the Building Commissioner a plat of such allotment and the property owner has the right not merely to place private restrictions upon his property, but in effect to zone it with the same force and effect as if the village council had done so. However, the legislative power of a municipality is by §4215 GC vested in its council and there is no authority to be found either in Constitution or Statute, permitting a council to delegate its legislative power. Should it be urged that the ordinance does not apply to new allotments or to properties restricted after ordinance but only to restrictions existing at the time of its adoption, the restrictions involved here were formulated prior to passage of the ordinance, then the ordinance would not be of general application. There is the additional obstacle that results from the ordinance which does not seek to protect all restricted property but only such with respect to which restrictions shall have been filed with the Building Commissioner or in other words, the ordinance is not for that reason of uniform operation. The restrictions in question were not filed with the Building Commissioner until December 3, 1930.

However, it may be said in conclusion that the ordinance in question is not in the due exercise of the police power because public health, safety and morals are not involved. The ordinance provides for the enforcement of private restrictions which in effect would be to enforce private agreements with reference to property and this is probably one of the greatest objections which can be urged to the ordinance.

Another difficulty is that the ordinance attempts to invest the Building Commissioner, a non-elective officer, with judicial powers. That is to say it would be necessary for such Commissioner to construe and apply private building restrictions. It is stipulated by counsel that the only question

presented by the pleadings and the demurrer to the answer is the validity of the ordinance.

The foregoing are the principal reasons why the court below was right in sustaining relator's demurrer to the answer and in view of all the foregoing, it follows that the ordinance must be held invalid in the particulars pointed out and for that reason the judgment is affirmed.

LEVINE, PJ, and WEYGANDT, J, concur.